**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**

May 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DREMA SUE STOVER,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0904**  (BOR Appeal No. 2045211)
(Claim No. 970040841)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**APPALACHIAN REGIONAL HOSPITAL,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Drema Sue Stover, by John H. Shumate Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Mary Rich Maloy, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 9, 2011, in which the Board affirmed an October 25, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's denial on November 19, 2009, of authorization for Ambien, Xanax, and Prozac. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Stover was employed in the dietary department of Beckley Appalachian Regional Hospital, when, on January 7, 1997, she received an electric shock in the course of her employment. She was awarded permanent partial disability. Following her injury she developed symptoms of psychological problems for which she received treatment and counseling. She was diagnosed with major depression in September of 2008, for which her treating physician prescribed specific psychiatric medications. Ms. Stover's request for authorization for these medications was denied by the claims administrator, leading to this appeal.

The claims administrator is not required to provide coverage for psychiatric services and medication unless the psychiatric problems are a direct result of a compensable injury. West Virginia Code of State Rules § 85-20-12.4 (2006). In its Order, which was affirmed by the Board of Review, the Workers' Compensation Office of Judges held that the specific medications were not medically related or reasonably required for treatment of the claimant's compensable injury. The Office of Judges found that the only piece of evidence which causally linked Ms. Stover's need for psychiatric medication to her compensable injury was the conclusory statement of the Family Nurse Practitioner, Nancy Sizemore. Furthermore, it found that the psychiatric evaluation of Dr. Bobby Miller, which linked Ms. Stover's need for psychiatric medication to non-work-related factors, was more persuasive. The Office of Judges also relied on the report of Dr. Kalid Hasan, who linked Ms. Stover's need for psychiatric mediation to several factors including non-work-related factors. The Office of Judges weighed all the evidence and found that a preponderance of it supported denying Ms. Stover authorization for the specific psychiatric medications.

The Board of Review adopted the findings of the Office of Judges and affirmed its Order on May 9, 2011. The Board of Review was not clearly wrong.

We agree with the Office of Judges that the requested psychiatric medications are not medically related or reasonably required for treatment of Ms. Stover's compensable injury because Ms. Stover's psychiatric problems are not a direct result of the electric shock she received while in the employment of Beckley Appalachian Regional Hospital.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 14, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II